IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY KIRKSEY,

                Plaintiff,

v.                                                 OPINION and ORDER

JASON BENZEL, MEDICAL DIRECTOR GUGLER,        24-cv-707-jdp
and CO II POFF,

                Defendants.

---

    This case is about a seizure suffered by a prisoner at Kettle Moraine Correctional Institution in May 2024. Plaintiff Gary Kirksey, who is proceeding without counsel, is not the one who suffered the seizure; that was Kirksey's cell mate. But Kirksey says that prison staff violated his rights under the Eighth Amendment and First Amendment by requiring him to assist his cell mate during the seizure. Specifically, he was required to hold the cell mate, remove some of his clothes, and apply ice. Kirksey alleges that the experience has led to various psychological symptoms, including "extreme anxiety, cold sweats, nightmares, and not sleeping well." Dkt. 1, ¶ 14.

    The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Kirksey must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023).

I will dismiss Kirksey's complaint because neither the Eighth Amendment nor the First Amendment prohibited prison staff from requiring Kirksey to provide basic medical assistance in an emergency. But I will give Kirksey an opportunity to amend his complaint to clarify whether he is trying to assert other claims.

ANALYSIS

Kirksey blames three prison officials for violating his constitutional rights. Defendant Poff was the correctional officer who ordered Kirksey to provide assistance to his cell mate while Poff was receiving instructions from a nurse over the phone. I understand Kirksey to contend that the Eighth Amendment or the First Amendment prohibited Poff from giving such an order.

Kirksey's allegations against the other two defendants are less clear. Defendant Gugler is the medical director. Kirksey says that she "failed to speak with the nurse who was on the phone with CO II Poff the night of the incident." Dkt. 1, ¶ 14. I understand Kirksey to contend that he was required to provide medical assistance to his cell mate because Gugler did not send medical staff sooner, and that failure violated his constitutional rights. That interpretation of the claim is consistent with the grievance he attached to his complaint, in which he complains that the health services unit "never responded" while the cell mate was having a seizure. Dkt. 1-2.

Defendant Jason Benzel is the warden. Kirksey says that Benzel "fail[ed] to correct the misconduct." *Id.*, ¶ 15. Kirksey does not explain what "misconduct" he is referring to or what specifically he believes that Benzel should have done. But Kirksey does say that his cell mate should have been housed in the infirmary rather than with him because the cell mate was

known to suffer from frequent seizures. So Kirksey may mean to contend that Benzel is responsible for housing Kirksey and the cell mate together. Kirksey also says that Benzel violated his First Amendment rights "because of this illegal situation." *Id.* But Kirksey does not identify specifically what Benzel did.

Kirksey has not stated a claim against any of the defendants under the Eighth Amendment or the First Amendment. The Eighth Amendment applies when a prison official knows that a prison's health or safety is seriously threatened, but the official disregards that risk. *Farmer v. Brennan*, 511 U.S. 825 (1994). In this case, Kirksey does not allege that any of the defendants knew that he would be subjected to serious physical or psychological harm. He alleges that he is suffering from psychological symptoms because of the incident, but that is an extreme reaction to being required to provide basic medical assistance, so it is not reasonable to infer that defendants would have foreseen that harm. Even if I assume that one or more of the defendants knew of a risk that the cell mate would have a seizure, it does not follow that they knew that *Kirksey* would be seriously harmed by the seizure.[1]

Kirksey does say that he expressed significant reluctance when Poff directed him to provide assistance, and he complied only because Poff gave him a direct order. But even if Poff knew that Kirksey was experiencing emotional distress, that is not enough to state a claim under the Eighth Amendment, which applies only when a prison official acts unreasonably. *Farmer*, 511 U.S. at 844–45. In this case, Poff was facing an emergency situation, and Kirksey was the only person who was available to provide assistance while Poff was taking directions

---

[1] Kirksey does not allege that he is still housed with the same cell mate, and he does not ask for an injunction in his complaint, so I do not understand him to be alleging that there is an ongoing constitutional violation because of a threat that he would need to provide assistance to his cell mate in the future.

on the phone from the nurse. Under those circumstances, Poff's conduct was reasonable. *See Townsend v. Cooper*, 759 F.3d 678, 690 (7th Cir. 2014) (no Eighth Amendment violation if the defendant did not have "feasible alternatives").

As for the First Amendment, that applies when the prison tries to stop the prisoner from expressing himself. The most common scenario in the prison context is that the prisoner receives a conduct report or other discipline because of his speech. *See Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). In this case, Kirksey does not allege that anyone punished him for speaking, so he has not stated a claim.

But the basis for Kirksey's First Amendment claim is unclear, so I will allow him to file an amended complaint to clarify whether his claim is based on some conduct other than being forced to provide assistance to his cell mate. If Kirksey does not respond, I will direct the clerk of court to enter judgment and record a "strike" in accordance with 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is . . . failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

ORDER

IT IS ORDERED that:

1. Plaintiff Gary A. Kirksey's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. Kirksey may have until May 9, 2025, to file an amended complaint if he wishes to clarify his claims. If Kirksey does not respond by then, the clerk of court is directed

4

to enter judgment in defendants' favor, close the case, and record a strike under 28 U.S.C. § 1915(g).

Entered April 18, 2025.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge